```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

BRIAN M. CASEY,

                Plaintiff,

vs.                              Case No.  2:12-cv-651-FtM-29DNF

KENNETH TUCKER, SEC'Y, FLA. DEPT
OF CORRECTIONS

                Defendant.[1]
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file.  Plaintiff, an inmate currently incarcerated within the Florida Department of Corrections ("FDOC"), initiated this action by filing a *pro se* civil rights complaint on December 6, 2012 (Doc. #1, Complaint).  At the time Plaintiff initiated the Complaint he was confined at DeSoto Correctional Institution.  Complaint at 1. According to the FDOC website, as of the date of this Order, Plaintiff is currently confined at the Northwest Florida Reception Center Annex ("NWFRC").  The Complaint names the Secretary of the FDOC as the sole defendant.  See generally Complaint.  The Complaint contains the following allegations: (1) when Plaintiff arrived at Desoto he was "threatened" by an unnamed "captain" who

---

[1]On December 17, 2012, Michael Crews was appointed by Governor Scott as Secretary of the Florida Department of Corrections. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael Crews is substituted as the proper party Defendant for Ken Tucker.

"mentioned 'appeals' and 'learning a lesson'"; (2) when he was at South Florida Reception Center he was "placed in general population and began receiving threats from other inmates" in order to "pressure" him into withdrawing his plea and agreeing not to testify in an upcoming trial; (3) the same unnamed captain who "threatened" him "locked [him] in the yard" when inmates from Lee County Jail arrived "so [he] would be seen"; (4) while at DeSoto he has "been threatened with knives and extorted" and demands have been made upon him to withdraw his plea and not cooperate with prosecutors; (5) Plaintiff complained about the threats to Captain Clemens and was told he is "going to get what [he] deserves"; (6) Sergeant Arizza gave copies of the "sensitive grievance" Plaintiff submitted about Captain Clemons to inmates; (7) Mrs. England gave a copy of Plaintiff's deposition notice to a law clerk who then provided it to "gang members"; (8) unnamed officers unlocked Plaintiff's cell to let other inmates enter it, items were removed from Plaintiff's cell, and blank "motions to withdraw his plea" were left on his bed; (9) inmate law clerks made copies of Plaintiff's statements and discovery that was contained on Plaintiff's legal disc and "disseminated it among the inmate population"; (10) when Plaintiff complained that inmates were pulling knives on him and slapping him, Mrs. Williams "joked that 'as long as [he] has appeals pending these instances will occur'"; (11) Mrs. Williams placed Plaintiff "under investigation for

complaints on staff"; (12) when Plaintiff told Mrs. Durie, his classification officer, he was in fear of his life, she laughed and asked "how [he's] doing"; (13) on November 15, 2012, Plaintiff wrote to Defendant Tucker and the inspector general concerning his fears, but, as of the date he mailed his Complaint, there has been no investigation about his claims; and, (14) Officer Payne told Plaintiff his grievance "wasn't going any higher than here." Complaint at 4-5. As relief, Plaintiff seeks "an injunction directed towards Kenneth Tucker to transfer [Plaintiff] out of custody of DeSoto Annex" and placed in a facility "without gang activity" or into a "protective management facility that does not require 24 hours lockdown." Id. at 10.

Due to Plaintiff's litigation history, Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had more than three prior filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See case number 2:12-cv-2-FtM-29DNF (applying the three-strikes bar and dismissing Plaintiff's complaint under 28 U.S.C. 1915(g)). Plaintiff avers that he is in "imminent danger of physical harm." Notice to Court (Doc. #2); see also Complaint at 6. The Court will assume for purposes of this Order that Plaintiff's allegations of imminent danger are true, and will not dismiss the Complaint on the basis of § 1915(g).

Nonetheless, the Court finds the Complaint is due to be dismissed on other grounds. The Court lacks jurisdiction to grant Plaintiff the mandamus relief he seeks. More specifically, the All Writs Act provides "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).[2] However, the Act does not empower a district court to create jurisdiction where none exists. Gehm v. New York Life Ins. Co., 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." Id. Thus, while federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, see 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state officials in the performance of their duties where mandamus is the only relief sought. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973); Russell v. Knight, 488

---

[2] Writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure. However, actions in the nature of mandamus to compel United States officials to perform duties are within the jurisdiction of the United States district courts pursuant to 28 U.S.C. § 1361.

F.2d 96, 97 (5th Cir. 1973).³  Consequently, this Court has no mandamus jurisdiction over Defendant, the Secretary of FDOC, and, therefore, lacks authority to compel him to transfer Plaintiff to a different institution.

Alternatively, in the context of a prisoner § 1983 action, a request for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1989)(stating "an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); Wahl v. McIver, 773 F .2d 1169, 1173 (11th Cir. 1985)(noting "an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Here, Plaintiff is no longer confined at Desoto, having been transferred to NWFRC subsequent to initiating this action.  Thus, Plaintiff is no longer subject to the conditions about which he complains when he filed his Complaint. There is no indication that Plaintiff will be returned to DeSoto. "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by

---

³Unless later superceded by Eleventh Circuit precedent, a Fifth Circuit decision issued prior to the close of business on September 30, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

any continuing, present injury or real and immediate threat of repeated injury." Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) (finding that plaintiff's transfer back to county jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).  Thus, in the alternative, the Court finds that Plaintiff's action is now moot because there is no present case or controversy to support the Court's jurisdiction over this action.  In an abundance of caution, the Court will direct the Clerk to send a copy of Plaintiff's Complaint and this Order to the Office of the Inspector General for handling as the Inspector deems appropriate.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   This case is hereby **DISMISSED** with prejudice.

2.   The **Clerk of Court** shall: (1) send a copy of the Complaint (Doc. #1) and this Order of Dismissal to the Office of the Inspector General; (2) enter judgement dismissing this case with prejudice; (3) terminate any pending motions; and (4) close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___19th___ day of December, 2012.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record